### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVAUGHN ALSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:24-cv-01326-CB |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| HOUSING AUTHORITY OF ) | |
| THE CITY OF PITTSBURGH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

For the reasons that follow, Defendant Housing Authority of the City of Pittsburgh's Motion (Doc. 9) for Judgment on the Pleadings will be granted.

### I.    MEMORANDUM

Despite grievance procedures and requests for financial hardship exemptions outlined in both in Plaintiff's Lease Agreement and HACP's publicly-accessible Admissions and Continued Occupancy Policy ("ACOP") — procedures and exemptions acknowledged by Plaintiff when he executed his Lease on May 3, 2016 — Plaintiff claims that that was not enough.  Plaintiff is wrong.

In Counts 1 and 4, Plaintiff asserts Section1983 claims, contending that HACP's policies, practices and customs violated his rights under the U.S. Housing Act 42 U.S.C. §1401 *et. seq*. To prevail on his Section 1983 claim, Plaintiff must allege that the municipality has an unconstitutional policy or custom that is a pervasive, longstanding practice that has the force of law.  *See* Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

At Count 1, Plaintiff contends that HACP has adopted and maintained a policy, practice or custom that requires a tenant to expressly request a hardship exemption, and that HACP failed to provide him with adequate notice of his right to request such exemption. *See* Am. Compl. ¶¶ 103–04. Plaintiff asserts that the statutory text to "immediately grant an exemption," 42 U.S.C. Section 1437a(a)(3)(B)(i), would be rendered meaningless if, in effect, a tenant was required to make a formal request for a financial hardship exemption even though housing authority personnel was made aware of a tenant's financial status. Pl.'s Opp'n 8–10. Yet, as HACP persuasively argues, subsection (B)(i) and (B)(ii) must be read together—"that is, upon receiving a request for a financial hardship exemption, a financial hardship exemption shall be immediately granted <u>unless the housing authority reasonably determines</u> that an exemption is unwarranted because the claimed hardship is temporary." Reply (Doc. 18) at 4; *see also* J. Pleadings Br. 10 (citing Section 1437a(a)(3)(B)(ii)). This procedure, quite obviously, indicates that a request must be made to be eligible for the financial hardship exemption. As Defendant aptly explains, "It would be an entirely unworkable standard for any housing authority with thousands of low-income tenants to have to independently determine which tenants *might* be eligible for a financial hardship exemption *without the tenant ever making such a request*." J. Pleadings Br. 11. The Court agrees. Plaintiff's Lease and HACP's ACOP both include language that track federal law.[1] Accordingly, Count 1 is dismissed with prejudice because the Court finds

---

[1] Specifically, Plaintiff's Lease and ACOP provides:

> When a family **requests** a hardship exemption, HACP will determine if the hardship is temporary or long-term. If the hardship is verified to be temporary (less than 90 days), HACP will reinstate the prior rent amount when the hardship ceases, and offer the family a reasonable repayment agreement in accordance with the HACP Repayment Policy for the period the rent was suspended.
>
> . . .
>
> If the hardship is verified to be long-term (lasting more than 90 days), minimum rent will be suspended until the hardship ceases.

that requiring a tenant to request the hardship exemption does not violate Section 1437a(a)(3), and is not otherwise unconstitutional.

As to Count 4, the undersigned rejects Plaintiff's claim that HACP failed to provide him adequate notice regarding rent change determinations and the means to dispute such rent changes, *see* Am. Compl. ¶¶ 116–20. Such procedures are indisputably outlined in Plaintiff's Lease, HACP's publicly-accessible ACOP, and in Plaintiff's Lease Eviction Notice. Additionally, HACP correctly points out that the Section 966.4(e)(8) and Section 966.4(c)(4) only mandate that the lease provide notice of the grievance procedure, *see* Section 966.4(e)(8) ("The lease shall set forth the PHA's obligations under the lease . . . ."); Section 966.4(c)(4) ("The lease shall provide for redetermination of rent and family composition which shall include . . . ."), and consistent with federal law, the Plaintiff's Lease expressly laid out the procedures afforded to a tenant, *see* Lease 5, 8–9. Thus, Count 4 is dismissed with prejudice.

As to Counts 2 and 5, Plaintiff argues that HACP violated his due process rights by failing to inform him of his right to apply for, or obtain, a hardship exemption and that he was not provided advance notice of the change in rent or permitted to dispute such change. In evaluating a procedural due process claim, courts consider "(1) whether the plaintiff has a property interest protected by procedural due process, and (2) what procedures constitute due process of law." Schmidt v. Creedon, 639 F.3d 587, 595 (3d Cir. 2011) (internals omitted).

---

. . .

> If the Housing Authority determines there is no qualifying financial hardship, prior rent will be reinstated back to the time of suspension. The family may use the formal and/or informal grievance procedure to appeal the Housing Authority's determination regarding the hardship. No escrow deposit will be required in order to access the grievance procedure.

Lease (Doc. 9-1) (emphasis added); *see also* Admissions and Continued Occupancy Policy (Doc. 9-2) 74 (providing identical language).

Here, as discussed above, Plaintiff's Lease and ACOP expressly and clearly inform Plaintiff of his right to apply for, and obtain, a hardship exemption and dispute rent changes. Plaintiff was indisputably notified of his rent changes and, instead, indisputably elected not to challenge those changes pursuant to the procedures outlined in either document. Thus, Counts 2 and 5 are dismissed with prejudice.

As to injunctive relief, Plaintiff is not entitled to retroactive injunctive relief with respect to his federal claims because such claims are prohibited by the Eleventh Amendment. *See* J. Pleadings Br. 15–16 (listing cases).

As to Plaintiff's remaining state law claim, the Court declines to exercise supplemental jurisdiction over Count 3.

## II.   ORDER

Defendant Housing Authority of the City of Pittsburgh's Motion (Doc. 9) for Judgment on the Pleadings is **GRANTED**. Counts 1, 2, 4 and 5 are **DISMISSED WITH PREJUDICE**. Plaintiff is not entitled to retroactive injunctive relief with respect to his federal claims. The Court declines to exercise supplemental jurisdiction over Count 3.

IT IS SO ORDERED.

June 30, 2025                                                s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record